

424 F.2d 278; Harless v. United States, 5th Cir. 1964, 329 F.2d 397.

As in Lucas v. United States, 6th Cir. 1970, 423 F.2d 683, this federal prisoner petitioner is under none of the special circumstances of the California state prisoner in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970).

We adhere to our decisions in *Walker* and *Harless, supra.*

Affirmed.

Mose Skinner, pro se.

John L. Briggs, U. S. Atty., Aaron K. Bowden, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

**Ernest A. HINGLE, Plaintiff-Appellant,**

v.

**Chalin O. PEREZ et al., Defendants-Appellees.**

**No. 29932**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1970.

This appeal is from the district court's denial of the appellant's petition for a writ of mandamus. We affirm.[1]

Appellant has made a blanket request for free copies of his trial transcript and other records in his case, for the purpose of framing a motion to vacate his sentence under § 2255. He does not advert to any possible defects in his conviction which the documents will show, but merely claims that as an indigent he has a right to be furnished with all the records and files pertaining to his conviction.

We have consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. § 2255 to search the record for possible error. Walker v. United States, 5th Cir. 1970,

---

1. It is appropriate to dispose of this pro se case summarily pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Benjamin E. Smith, of Smith & Scheuermann, New Orleans, La., for appellant.

Sidney W. Provensal, Jr., Marcel Livaudais Jr., of Provensal & Fitzmaurice, New Orleans, La., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

We affirm on the opinion of the District Court. Hingle v. Perez, 312 F. Supp. 127 (E.D.La.1970).

Affirmed.

**Richard H. CLINTON, Plaintiff-Appellant,**

v.

**LOS ANGELES COUNTY, State of California, its District Attorney and Deputies, Evelle J. Younger, Mt. Compton, James Koltz, Melvin Sacks, and their assurors by law, Aetna Cas. Ins. Co., a Connecticut corporation, New Hampshire Ins. Co., Inc., a New Hampshire corporation, Defendants-Appellees.**

No. 24671.

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1970.

Richard H. Clinton, in pro. per.

Evelle J. Younger, Dist. Atty., John Tucker, of Rathbone, King & Seeley, Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

Richard H. Clinton appeals from a dismissal by the district court, on its own motion and without notice and hearing, of his complaint for damages under the Civil Rights Act, 42 U.S.C. § 1983.

It is now well established that the district court did not follow the proper procedure in dismissing the complaint. Potter v. McCall, (9th Cir. November 4, 1970), 433 F.2d 1087; Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1969); Armstrong v. Rushing, 352 F.2d 836 (9th Cir. 1965); Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962).

The judgment is reversed and the cause remanded to the district court in order that it may follow the procedure outlined in the above-cited cases.